Stuart Kagen (CA Bar No. 212017)
Email:  skagen@kagencaspersen.com
**KAGEN & CASPERSEN**
900 Third Avenue, 17th Floor
New York, NY  10022
Telephone:  (212) 880-2045
Facsimile:  (646) 304-7879

Edwin Shustak (CA Bar No. 241624)
Email:  shustak@shufirm.com
**SHUSTAK & PARTNERS, P.C.**
401 West A Street, Suite 2330
Telephone:  (619) 696-9500
Facsimile:  (619) 615-5290

Attorneys for Defendant
DENIS BOUBOULIS

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLERGIA, INC., a California Corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DENIS BOUBOULIS, an individual; and DOES 1 THROUGH 5, inclusive,<br><br>　　　　Defendants. | Civil Action No. 14-CV-01566 (JLS) (RBB)<br><br>**MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: May 18, 2017<br>Time:   1:30 pm<br>Judge:  Hon. Janis L. Sammartino<br>Courtroom:  4A |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................... 1

STATEMENT OF FACTS ................................................................................ 3

REDACTED

ARGUMENT .................................................................................................... 8

I.    LEGAL STANDARD ............................................................................. 8

II.   AS A THRESHOLD MATTER, DR. BOUBOULIS IS ENTITLED TO
      SUMMARY JUDGMENT ON ALL OF ALLERGIA'S CLAIMS BECAUSE
      OF ALLERGIA'S UNCLEAN HANDS ..................................................... 9

III.  DR. BOUBOULIS IS ENTITLED TO SUMMARY JUGDMENT ON
      ALLERGIA'S DECLARATORY JUDGMENT CLAIM THAT IT IS THE
      SOLE OWNER OF THE ALLERGY DEVICE ........................................ 11

      A.   Allergia is Unable to Provide What the Patent Laws Require For it to
           Establish Sole Ownership:  A Written Assignment Agreement Signed by
           Dr. Bouboulis .......................................................................... 12

      B.   Dr. Bouboulis' "Behavior" Could Not Have Effected an Assignment of His
           Rights in the Allergy Device Under the Patent Laws ...................... 13

      C.   Oberreiter's Uncorroborated Testimony REDACTED
           _____ t Cannot Create a Genuine Issue of Material
           Fact ....................................................................................... 15

III.   DR. BOUBOULIS IS ENTITLED TO SUMMARY JUDGMENT ON ALLERGIA'S BREACH OF FIDUCIARY DUTY CLAIM .................................... 17

IV.   DR. BOUBOULIS IS ENTITLED TO SUMMARY JUDGMENT ON ALLERGIA'S IMPLIED CONTRACT CLAIM.................................................... 19

   A.   Allergia Has Failed to Allege the Existence of An Implied Contract to Assign ......................................................................................................... 19

   B.   Allergia's Breach of Implied Contract Claim is Barred by California's Two-Year Statute of Limitations in Any Event.................................................. 19

   C.   Allergia is Unable to Establish an Implied Non-Compete Contract, Which Would Be Void Under California Law in Any Event........................................ 20

V.   DR. BOUBOULIS IS ENTITLED TO SUMMARY JUDGMENT ON ALLERGIA'S FRAUD CLAIM.......................................................................... 21

VI.   DR. BOUBOULIS IS ENTITLED TO SUMMARY JUDGMENT ON HIS COUNTERCLAIMS FOR UNJUST ENRICHMENT, QUANTUM MERUIT AND VIOLATIONS OF THE CALIFORNIA LABOR LAWS ......................... 23

   A.   Dr. Bouboulis is Entitled to Summary Judgment on His Claims for Unjust Enrichment and Quantum Meruit ................................................................. 23

   B.   Allergia is Liable to Dr. Bouboulis for Violating the California Minimum Wage Laws.................................................................................................. 24

CONCLUSION ................................................................................................. 25

ii

## TABLE OF AUTHORITIES

Cases:

*John F. Matull & Assocs., Inc. v. Cloutier*,
   194 Cal. App. 3d 1049 (Cal. App. 2d Dist. 1987).........................................................20

*Alan Klarik Enterprises, Inc. v. Viva Optique, Inc.*, 2006 WL 2423552 (Cal. Ct. App. Aug. 23, 2006) ..............................................................................................................................9, 11

*Arachnid v. Merit Industries*,
   939 F.2d 1574 (Fed. Cir. 1991).....................................................................................19

*Batiz v. Am. Comm. Sec. Serv.*,
   776 F.Supp.2d 1087 (C.D. Cal. 2011)...........................................................................16

*Bd. of Trustees of the Leland Stanford University v. Roche Molecular Systems*,
   131 S.Ct. 2188 (2011) ...................................................................................................12

*Chuang v. Chuang*, 2015 WL 6508248 (Cal. Ct. App. Oct. 28, 2015) ...............................9

*Eghtesadi v. Wells* Fargo *Bank, N.A.*, 2013 WL 1498999, at *8 (S.D. Cal. Apr. 11, 2013).....10 n.3

*Fitzpatrick v. Fitzpatrick*, 2016 WL 319233, at *12-13 (E.D. Cal. Jan. 27, 2016).........................10

*FTC v. Neovi, Inc.*,
   604 F.3d 1150 (9th Cir. 2010)........................................................................................16

*Galea v. Burgess*, 2015 WL 11216702, at *4 (S.D. Cal. Sept. 1, 2015)...................................10 n.3

*GE Elec. Co. v. Wilkins*,
   2012 WL 4747211 (E.D. Cal. Oct. 4, 2012) ..................................................................12

*Ihance Inc. v. Eloqua Ltd.*,
   2012 WL 12875516 (E.D. Va. July 3, 2012) .................................................................16

*J.R. & A.R. Servs., Inc. v. City of Los Angeles*, 2014 WL 346658 (Cal. Ct. App. Jan. 31, 2014) ....9

*Kendall-Jackson Winery, Ltd. v. Superior Court*,
   76 Cal. App.4th 970, 974 (Cal. Ct. App. 1999) ............................................................10

*Lazar v. Superior Court*,
   12 Cal. Th 631 (1996) ....................................................................................................21

*Lymburner v. U.S. Fin. Funds, Inc.*, 263 F.R.D. 534, 543-44 (N.D. Cal. 2010)......................10 n.3

*Mitigation Technologies v. Pennarz*,
   2015 WL 12656936 (C.D. Cal. Mar. 13, 2015) .............................................................15

*Nat'l Life Ins. Co. v. Saks*, 2013 WL 12085138, at *2 (C.D. Cal. Sept. 9, 2013) ....................10 n.3

*NextdoorCom Inc. v. Abyanker*,

iii

2013 WL 3802526 (N.D. Cal. July 19, 2013) ............................................................... 18

*Nilsson v. City of Mesa*,

503 F.3d 947 (9th Cir. 2007) ......................................................................................... 11

*Olsen v. Idaho State Bd. Of Med.*,

33 F.3d 916 (9th Cir. 2004) ........................................................................................... 11

*Peregrine Semiconductor Corp. v. RF Micro Devices Inc.*,

2004 WL 1199781 (S.D. Cal. Mar. 17, 2014) .............................................................. 12

*Peterson v. Cellco Partnership*,

164 Cal.App.4th 1583 (2008) ........................................................................................ 23

*Polo v. Shwiff*, 2013 WL 1797671, at *3 (N.D. Cal. Apr. 29, 2013) ...................................... 10 n.3

*Raymond Edwards II v. Arthur Anderson LLP*,

44 Cal. 4th 937 (2008) ................................................................................................... 20

*Salas v. Sierra Chem. Co.*, *59* Cal. 4th 407, 432 (CA 2014) ........................................... 10 n.3

*SiRF Tech, Inc. v. Int'l Trade Comm'n*,

601 F.3d 1319 (Fed. Cir. 2010) ..................................................................................... 12

*Sourceprose Corp. v. RPX Corp.*,

2017 WL 373065 (N.D. Cal. Jan. 26, 2017) ................................................................. 19

*Spires v. American Bus Lines*,

Cal.App.3d 211 (1984) .................................................................................................. 24

*Surrell v. Cal. Water Serv. Co.*,

518 F.3d 1097 (9th Cir. 2008) ....................................................................................... 11

*Unilogic, Inc. v. Burroughs Corp.*, 10 Cal.App.4th 612, 618, 621 (1992) .......................... 11

*U.S. v. Solomon*,

825 F.2d 1292 (9th Cir. 1987) ................................................................................. 12, 14

*Whyte v. Schlage Lock Co.*,

101 Cal. App. 4th 1443 (Cal. App. 4th Dist. 2002) ...................................................... 20

*Wilson v. S.L. Rey, Inc.*, 17 Cal. App.4th 234 (Cal. Ct. App. 1993) ............................................ 11


Statutes, Rules and Regulations:

Code of Federal Regulations, Title 37, § 3.73(a) ............................................................... 12

California Business and Professional Code § 16600 ........................................................... 20

California Civil Code § 339 ................................................................................................ 19

California Code Regs. tit. 8, § 11040 ................................................................................ 25

California Labor Code § 1194(a) ....................................................................................... 24

California Labor Code § 1194.2 ......................................................................................... 25

California Labor Code § 1197.1(a)(3) ................................................................................ 25

Part 35 U.S.C. § 261 ........................................................................................................... 12

## PRELIMINARY STATEMENT

Now, at the end of discovery, it is *undisputed* that ████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████ 1.  Though Allergia's *entire case* is premised on Dr. Bouboulis' alleged duties owed to Allergia during his tenure as President, it is now clear and undisputed that – ██████████████████████████

████████████████████████████████████████

████████ Such conduct should result in this Court granting Dr. Bouboulis' counterclaims against Allergia for unjust enrichment and for violations of California's labor laws.

Just as fundamentally, ████████████████████████ ████████ renders Allergia's hands unclean.  Under California law, those unclean hands completely bar *each* and *every one* of Allergia's remaining claims, *i.e.*, its claims for a declaratory judgment that it alone owns the invention that is the subject of this action (the "Allergy Device"), breach of fiduciary duty, breach of implied contract, and fraud.

Moreover, even if Allergia's remaining claims were not all barred by Allergia's unclean hands -- which they are -- each of those claims also fails on its merits. The undisputed material facts establish that each of those remaining claims should be dismissed as a matter of law.

Allergia's declaratory judgment claim fails because ████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████

Allergia nonetheless argues Dr. Bouboulis' ████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████████████

1 REDACTED                          REDACTED

2 

3 

4 

5          Allergia's breach of fiduciary duty claim also fails. Its only surviving theory is its

6 allegation that Dr. Bouboulis REDACTED

7 

8 

9 

10 

11 

12 

13 .

14          Dr. Bouboulis is also entitled to summary judgment on Allergia's claim of an implied

15 contract to assign.  Under patent law, an assignment agreement cannot be "implied," but must be

16 in an express, unambiguous writing. REDACTED

17 

18 

19 

20          Allergia's fraud claim also cannot withstand summary judgment.  Allergia REDACTED

21 

22 

23 

24 

25 

26 

27 

28 

MEMORANDUM OF LAW IN SUPPORT OF FOR PARTIAL SUMMARY JUDGMENT     14-CV-01566 (JLS) (RBB)

Finally, Dr. Bouboulis is entitled to summary judgment on his counterclaims for unjust enrichment, quantum meruit, and violation of the California Labor Laws.  Allergia admits ██

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

███████████████████████████████.

### STATEMENT OF FACTS[1]

██ ████████████████████████████████████████

████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

_____

[1] Dr. Bouboulis has filed a separate Statement of Undisputed Facts with this motion (cited herein as "SOF ___"), a summary of which is provided here.



MEMORANDUM OF LAW IN SUPPORT OF FOR PARTIAL SUMMARY JUDGMENT   14-CV-01566 (JLS) (RBB)



MEMORANDUM OF LAW IN SUPPORT OF FOR PARTIAL SUMMARY JUDGMENT   14-CV-01566 (JLS) (RBB)



MEMORANDUM OF LAW IN SUPPORT OF FOR PARTIAL SUMMARY JUDGMENT     14-CV-01566 (JLS) (RBB)



MEMORANDUM OF LAW IN SUPPORT OF FOR PARTIAL SUMMARY JUDGMENT    14-CV-01566 (JLS) (RBB)



REDACTED

**ARGUMENT**

**I.     LEGAL STANDARD**

In resolving a summary judgment motion, all reasonable inferences must be drawn in the light most favorable to the non-moving party.  *Olsen v. Idaho State Bd. Of Med.*, 33 F.3d 916, 922 (9th Cir. 2004).  However, unsupported conjecture or conclusory statements are insufficient to defeat summary judgment.  *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008);

1  *see also Nilsson v. City of Mesa*, 503 F.3d 947, 952 n.2 (9th Cir. 2007) (a "conclusory, self-

2  serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a

3  genuine issue of material fact").  Here, Allergia is unable to show a genuine issue of material fact

4  with respect to any of its claims, nor can it establish any genuine issue of material fact with respect

5  to Dr. Bouboulis' counterclaims based on Allergia's failure to pay him for his contributions to that

6  entity (which Allergia admits it did not do).

7  **II.     AS A THRESHOLD MATTER, DR. BOUBOULIS IS ENTITLED TO SUMMARY**

8  **JUDGMENT ON ALL OF ALLERGIA'S CLAIMS BECAUSE OF ALLERGIA'S**
   **UNCLEAN HANDS**

9

10     Allergia's REDACTED renders

11  Allergia's hands unclean.  Under California law, those unclean hands completely bar *each* and

12  *every one* of Allergia's claims against Dr. Bouboulis, *i.e.*, its claims for a declaratory judgment

13  that it alone owns the invention that is the subject of this action (the "Allergy Device"), breach of

14  fiduciary duty, breach of implied contract, and fraud.[2]

15         "Unclean hands is an equitable doctrine that is invoked as a complete affirmative defense if

16  the plaintiff has engaged in inequitable conduct in connection with the matter in controversy."

17  *Chuang v. Chuang*, 2015 WL 6508248, at *3 (Cal. Ct. App. Oct. 28, 2015) (breach of fiduciary

18  duty claim barred by unclean hands).  "One who seeks the aid of a court in equity but has been

19  guilty of conduct in violation of fundamental concepts of equity will be 'refuse[d]

20  ... *all* recognition and relief with reference to the subject matter or transaction in question.'" *Alan*

21  *Klarik Enterprises, Inc. v. Viva Optique, Inc.*, 2006 WL 2423552, at *5-8 (Cal. Ct. App. Aug. 23,

22  2006) (quotation omitted) (emphasis in original)).  The unclean hands doctrine "demands that a

23  plaintiff act fairly in the matter for which he seeks a remedy. He must come into court with clean

24  hands, and keep them clean, or *he will be denied relief, regardless of the merits of his claim*." *J.R.*

25  *& A.R. Servs., Inc. v. City of Los Angeles*, 2014 WL 346658, at *13 (Cal. Ct. App. Jan. 31, 2014)

26  (emphasis added) (citation omitted).

27  _____

28  [2] Dr. Bouboulis pleaded unclean hands as his Second Affirmative Defense in his Answer to
    Second Amended Complaint and Counterclaims (Document 57 at 8).

Moreover, under California law, "[a]lthough originally an equitable defense, [unclean hands] may apply to legal claims, as well," and thus "the defense is available in a claim for damages as well as claims for equitable relief." *Fitzpatrick v. Fitzpatrick*, 2016 WL 319233, at *12-13 (E.D. Cal. Jan. 27, 2016).[3]

Unclean hands "need not be a crime or actionable tort. Any conduct that violates conscience, or good faith, or other equitable standards of conduct is sufficient cause to invoke the doctrine." *Kendall-Jackson Winery, Ltd. v. Superior Court*, 76 Cal. App.4th 970, 974 (Cal. Ct. App. 1999). Thus, the doctrine permits the Court to use "any evidence of a plaintiff's unclean hands in relation to the transaction before the court or which affects the equitable relations between the litigants in the matter before the court … to [e]ffect a fair result in the litigation." *Id.*, at 985.

Here, Allergia's REDACTED

REDACTED

should obviously – and completely – bar Allergia's effort to hold that individual liable on any of these claims. There is no dispute REDACTED

---

[3] *See also Galea v. Burgess*, 2015 WL 11216702, at *4 (S.D. Cal. Sept. 1, 2015) ("unclean hands may be a complete defense to legal as well as equitable causes of action") (*quoting Salas v. Sierra Chem. Co.*, 59 Cal. 4th 407, 432 (CA 2014)); *Nat'l Life Ins. Co. v. Saks*, 2013 WL 12085138, at *2 (C.D. Cal. Sept. 9, 2013) (California Court of Appeal has "specifically noted that [unclean hands] could apply to both tort and contract remedies"); *Polo v. Shwiff*, 2013 WL 1797671, at *3 (N.D. Cal. Apr. 29, 2013) (unclean hands defense could bar breach of contract claim); *Eghtesadi v. Wells Fargo Bank, N.A.*, 2013 WL 1498999, at *8 (S.D. Cal. Apr. 11, 2013) ("Plaintiff's admittedly unclean hands bar any fraud claim"); *Lymburner v. U.S. Fin. Funds, Inc.*, 263 F.R.D. 534, 543-44 (N.D. Cal. 2010) (unclean hand defense could apply to fraud claim).

REDACTED

California law will not permit such an abhorrent outcome. *See*, *e.g.*, *Wilson v. S.L. Rey, Inc.,* 17 Cal. App.4th 234, 244-45 (Cal. Ct. App. 1993) (holding that tenant in common's claims against co-tenant were barred when claimant failed to pay taxes or account for royalties, rents or profits owing to co-tenant); *Unilogic, Inc. v. Burroughs Corp.*, 10 Cal.App.4th 612, 618, 621 (1992) (although defendant converted plaintiff's proprietary information during a failed joint project, plaintiff's unclean hands -- bribery to obtain the contract, failure to disclose financial difficulties, and its own conversion of defendant's property -- during the same joint project precluded relief); *Alan Klarik*, supra, 2006 WL 2423552, at *5-7 (sales agent's claims for commissions due based on Defendants' "years of unremedied accounting transgressions" barred by agent's unclean hands in breaching exclusivity contract with Defendant, because Plaintiff's "misconduct certainly pertained to the general subject matter of its lawsuit (*i.e.*, the business relationship between [Plaintiff] and [Defendant]), and the misconduct indeed affected the equitable relations between the parties").

Accordingly, the Court should grant summary judgment denying Allergia's breach of fiduciary duty, breach of implied contract, and fraud claims on the grounds of unclean hands.

**III.  DR. BOUBOULIS IS ENTITLED TO SUMMARY JUGDMENT ON ALLERGIA'S DECLARATORY JUDGMENT CLAIM THAT IT IS THE SOLE OWNER OF THE ALLERGY DEVICE**

---

[4]  For the same reasons, as set forth in Section VII *infra*, Dr. Bouboulis is entitled to summary judgment on his Counterclaims.

A.   **Allergia is Unable to Provide What the Patent Laws Require For it to Establish Sole Ownership:** REDACTED

REDACTED

"It is a basic tenet in patent law that the rights in an invention belong to the inventor." *GE Elec. Co. v. Wilkins*, 2012 WL 4747211, at 3 (E.D. Cal. Oct. 4, 2012) (citing *Bd. of Trustees of the Leland Stanford University v. Roche Molecular Systems*, 131 S.Ct. 2188, 2192 (2011)).  Here, it is undisputed that REDACTED

*SiRF Tech, Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319, 1327 n.5 (Fed. Cir. 2010) ("The inventor is presumed to be the owner of a patent application, and [any] patent that may issue therefrom, unless there is an assignment.") (quoting 37 C.F.R. § 3.73(a)).  "A patent is a creature of statute and may be transferred [by the inventor] only according to the terms of the patent statutes." *U.S. v. Solomon*, 825 F.2d 1292, 1296 (9th Cir. 1987)).  The patent laws are clear that for any such assignment to occur, it must be in writing.  Specifically, Part 35 U.S.C. § 261 of the patent laws unequivocally requires that "[a]pplications for patent, patents, or any interest therein, shall be assignable in law *by an instrument in writing*." (emphasis added).

As the Ninth Circuit has observed:  "[T]he necessity of a writing, like the necessity of an automobile certificate or a deed, to effect a valid transfer of a patent right has long been a matter of hornbook law." *Solomon*, 825 F.2d at 1296.  While "no particular form of words is required, the instrument of transfer must be unambiguous and show a clear and unmistakable intent to part with the patent." *See id.*; *see also Peregrine Semiconductor Corp. v. RF Micro Devices Inc.*, 2004 WL 1199781, at *4 (S.D. Cal. Mar. 17, 2014) ("An appropriate written assignment is necessary to transfer legal title from an inventor to a subsequent patent owner.").

It is undisputed that, here – after months of discovery – REDACTED



REDACTED Dr. Bouboulis is therefore entitled to summary judgment on Allergia's declaratory judgment claim that it is the sole owner of the Allergy Device (and on his corresponding counterclaim that he remains the one-third owner), and this ends the matter.

**B.    Dr.** REDACTED



REDACTED



MEMORANDUM OF LAW IN SUPPORT OF FOR PARTIAL SUMMARY JUDGMENT   14-CV-01566 (JLS) (RBB)

1  REDACTED

2  

3  

4  

5  Allergia is unable to produce cannot create a genuine issue of material fact precluding summary

6  judgment.[6]  *See FTC v. Neovi, Inc.*, 604 F.3d 1150, 1159 (9th Cir. 2010) ("The district court was

7  on sound footing concluding that [plaintiff] put forward nothing more than a few bald,

8  uncorroborated, and conclusory assertions rather than evidence"); *Batiz v. Am. Comm. Sec. Serv.*,

9  776 F.Supp.2d 1087, 1098 (C.D. Cal. 2011) (plaintiff's self-serving and uncorroborated

10  declaration and deposition testimony was insufficient to create a genuine issue of material fact).

11  REDACTED

12  

13  

14  

15  

16  ▓▓▓▓, *e.g.*, *Ihance Inc. v. Eloqua Ltd.*, 2012 WL 12875516, *2 (E.D. Va. July 3, 2012)

17  (even where all three inventors testified they had executed written assignments to the plaintiff

18  company that were allegedly stolen from their car, the plaintiff "[fell] short of carrying its burden

19  to establish that a valid written assignment" occurred because "no one has seen the executed

20  assignments since 2003" and the inventors could not recall specifics about their terms).

21  REDACTED

22  

23  

24  

25  

26  

27  

28

**IV.   DR. BOUBOULIS IS ENTITLED TO SUMMARY JUDGMENT ON ALLERGIA'S BREACH OF FIDUCIARY DUTY CLAIM**

Allergia's breach of fiduciary duty claim is based on allegations REDACTED

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

---

[7] In its May 18, 2016 order, the Court previously held this was Allergia's only theory of breach of fiduciary duty that survived Dr. Bouboulis' motion to dismiss. See Order at 7 (Dckt. No. 51). In any event, for the reasons stated in that motion, Allergia's other theories are not viable. As argued in that motion, Dr. Bouboulis is not subject to any fiduciary duty to assign his invention to Allergia. REDACTED

*See, e.g., Gasser v. Infanti Int'l, Inc.*, 353 F. Supp. 2d 342, 352 (E.D.N.Y. 2005) ("[A]n officer or director's fiduciary duty may include the obligation to assign a patent to the corporation *if the officer or director invented the subject matter of the patent while employed by the corporation* and the invention relates to the business of the corporation.") (emphasis added); *Smart Parts, Inc. v. WDP Ltd.*, 2004 U.S. Dist. Lexis 17547, **28-30 (D. Or. Aug. 12, 2004) (declining to hold that "a non-employee, minority shareholder, who did not sign an agreement to assign his patent rights, has an implied obligation to do so.").

- 17 -

REDACTED

*ViChip Corp. v. Lee*, 438 F.Supp.2d 1087, 1096 (N.D. Cal. 2006) ("It is axiomatic that ViChip cannot appropriate, or otherwise unlawfully take, that which it already owns."). REDACTED

*See, e.g.*, *NextdoorCom Inc. v. Abyanker*, 2013 WL 3802526, at *7 (N.D. Cal. July 19, 2013) (under California law, "disclosure of a trade secret in a patent places the information comprising the secret into the public domain"). REDACTED

## V.  DR. BOUBOULIS IS ENTITLED TO SUMMARY JUDGMENT ON ALLERGIA'S IMPLIED CONTRACT CLAIM

### A.  Allergia Has Failed to Allege the Existence of An Implied Contract to Assign

Allergia's breach of implied contract claim fails because REDACTED

### B.  Allergia's Breach of Implied Contract Claim is Barred by California's Two-Year Statute of Limitations in Any Event

Even if Allergia could establish that Dr. Bouboulis' behavior somehow created an implied agreement to assign, such a claim would be barred by the statute of limitations.  In California, the statute of limitations for breach of implied contract is two years, counting from when the aggrieved party discovered the loss or damage.  *See* Cal. Civil Code § 339.  Here, it is undisputed

1    that REDACTED

2    ████████████████████████████████████████

3    ████

4    **C.    Allergia is Unable to Establish an Implied Non-Compete Contract, Which**

5    **Would Be Void Under California Law in Any Event**

6    It is undisputed that REDACTED

7    ████████████████████████████████████████

8    ████████████████████████████████████

9    ████████████████████████████████

10   ████████████████████████████████████

11   ████████████████████████████████████████

12   ███████████████████████   Under Section 16600 of the California Business and

13   Professional Code, "covenants not to compete are void," with limited exceptions (none of which

14   apply here).  *Raymond Edwards II v. Arthur Anderson LLP*, 44 Cal. 4th 937, 945 (2008).   This

15   "evinces a settled legislative policy in favor of open competition and employee mobility."  *Id.* at

16   946.  Under this framework, "a former employee may engage in a competitive business for herself

17   and compete with her former employer, provided such competition is fair and legal."  *John F.*

18   *Matull & Assocs., Inc. v. Cloutier*, 194 Cal. App. 3d 1049, 1054 (Cal. App. 2d Dist. 1987).

19   While Allergia asserts that any such competition here would be "unfair" because REDACTED

20   ████████████████████████████████████████

21   ███████████████████████████████████,

22   California has rejected the so-called "inevitable disclosure" doctrine, which creates an implied

23   covenant not to compete when a former employee has intimate knowledge of his employer's

24   confidential information or trade secrets.  *Whyte v. Schlage Lock Co.*, 101 Cal. App. 4th 1443,

25   1446 (Cal. App. 4th Dist. 2002).  As the California court in *Whyte* held, "we reject [the inevitable

26   disclosure doctrine" because it creates a "de facto covenant not to compete and [thus] runs counter

27   to the public policy in California favoring employee mobility" codified in Section 16600.  *Id.* at

28

1462.  Allergia's claim that REDACTED

## VI.   DR. BOUBOULIS IS ENTITLED TO SUMMARY JUDGMENT ON ALLERGIA'S FRAUD CLAIM

Under California law, the elements of fraud are (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) damages.  *Lazar v. Superior Court*, 12 Cal. Th 631, 638 (1996).

Allergia's first theory of fraud is that REDACTED

1   REDACTED

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF LAW IN SUPPORT OF FOR PARTIAL SUMMARY JUDGMENT     14-CV-01566 (JLS) (RBB)

For all of these reasons, Dr. Bouboulis is entitled to summary judgment on Allergia's fraud claim.

**VII.    DR. BOUBOULIS IS ENTITLED TO SUMMARY JUDGMENT ON HIS COUNTERCLAIMS FOR UNJUST ENRICHMENT, QUANTUM MERUIT AND VIOLATIONS OF THE CALIFORNIA LABOR LAWS**

Dr. Bouboulis is entitled to summary judgment on his counterclaims for unjust enrichment, quantum meruit and violations of the California Labor Laws because REDACTED .

**A.    Dr. Bouboulis is Entitled to Summary Judgment on His Claims for Unjust Enrichment and Quantum Meruit**

In California, the elements of an unjust enrichment claim are "the receipt of a benefit and [the] unjust retention of the benefit at the expense of another." *Peterson v. Cellco Partnership*, 164 Cal.App.4th 1583, 1593 (2008).  For a quantum meruit claim, "recovery is [] justified where services were performed by a party at the request of another under circumstances in which compensation for such services would be expected." *Spires v. American Bus Lines*, Cal.App.3d 211, 217 (1984).  The undisputed facts show that the requirements for both claims are met here.

As shown above, REDACTED



t.

**B. Allergia is Liable to Dr. Bouboulis for Violating the California Minimum Wage Laws**

Under California Labor Code Section 1194, "any employee receiving less than the legal minimum wage . . . is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage . . . including interest thereon, reasonably attorneys' fees, and cost of suit." *See* Cal. Labor Code § 1194(a); *see also* § 1197.1(a)(3).

1    Here, again, it is undisputed that REDACTED

2    ████████████████████████████████████████████

3    ████████████████████████████████████████████

4    ████████████████████████████████████████████

5    ████████████████████████████████████████████

6    ████████████████████████████████████████████

7    ████████████████████████████████████████████

8    ████████████████████████████████████████████

9    ████████████████

10   ████████████████████████████████████████

11   ████████████████████████████████████████████

12   ████████████████████████████████████████████

13   ████████████████████████████████████████████

14   ████████████████████████████████████████████

15   ████████████████████████████████████████████

16   ████████████

17                    **<u>CONCLUSION</u>**

18       For all of the foregoing reasons, the Court should enter summary judgment dismissing all

19   of Allergia's remaining claims in their entirety and granting Dr. Bouboulis's counterclaims for

20   unjust enrichment, quantum meruit and violations of the California Labor Laws.

21

22   Dated: March 6, 2017                Respectfully submitted,

23

24                                       KAGEN & CASPERSEN

25                                       By:    <u>s/Stuart Kagen</u>
                                                Stuart Kagen.
26                                              skagen@kagencaspersen.com
                                                *Attorneys for Defendant Denis Bouboulis*
27

28